IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| O.E.M.L., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| KRISTI NOEM, SECRETARY OF THE | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; PAMELA BONDI, ATTORNEY | § | |
| GENERAL OF THE UNITED STATES; | § | |
| TODD LYONS, ACTING DIRECTOR AND | § | CIVIL ACTION NO. 9:26-CV-00121 |
| SENIOR OFFICIAL PERFORMING THE | § | JUDGE MICHAEL J. TRUNCALE |
| DUTIES OF THE DIRECTOR OF U.S. | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; BRET BRADFORD, | § | |
| FIELD OFFICE DIRECTOR OF THE | § | |
| OUSTON FIELD OFFICE OF U.S. | § | |
| IMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT AND REMOVAL | § | |
| OPERATIONS; ALEXANDER SANCHEZ | § | |
| WARDEN, IAH POLK ADULT DETENTION | § | |
| FACILITY, IN THEIR OFFICIAL | § | |
| CAPACITIES, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner O.E.M.L's Petition for Writ of Habeas Corpus (the "Petition")

[Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner O.E.M.L. is a 21-year-old Honduran national. [Dkt. 1 at ¶ 2]. On September 18, 2025

the United States Immigration and Customs Enforcement ("ICE") detained O.E.M.L. *Id.* at ¶ 4.

On February 18, 2026, O.E.M.L. brought a habeas corpus petition, claiming that his detention

violates the Fourth and Fifth Amendments to the United States Constitution, Trafficking Victims

Protection Reauthorization Act ("TVPRA")[1], and the Administrative Procedure Act ("APA"). [Dkt. 1]. On April 7, 2026, the Court issued an Order to Show Cause in which it requested that the Respondents show why the Petition should not be granted. [Dkt. 7]. The Respondents filed their Response on April 14, 2026. [Dkt. 8]. O.E.M.L. filed a Reply on April 21, 2026. [Dkt. 9]. The Petition is now ripe for review.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Propriety of Habeas Relief

First, habeas relief "may not be used to correct mere irregularities or errors of law." *Wooten v. Bomar*, 267 F.2d 900, 901 (6th Cir. 1959)). Habeas is only to be used for release "from unlawful imprisonment or custody," and "any other purpose" is invalid. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). The fact that officials have "failed to follow their own policies, without more, does not constitute a violation of due process." *Iruegas-Maciel v. Dobre*, 67 F. App'x 253 (5th Cir. 2003) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)). Habeas relief appears improper for O.E.M.L.'s Fourth Amendment claim, among others discussed below.

---

[1] The TVPRA claim is not listed among O.E.M.L.'s claims for relief, but is included elsewhere. [*See* Dkt. 1 at ¶¶ 35–40, 73–84]. The Court overlooks this error and includes the TVPRA claim in its analysis.

**B.  Due Process**

O.E.M.L. also argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if O.E.M.L. were correct, he still would not be entitled to habeas relief. *See Carson*, 112 F.3d at 820–21. O.E.M.L.'s due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. O.E.M.L.'s unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, O.E.M.L.'s due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[2] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in O.E.M.L.'s being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed O.E.M.L.'s release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of O.E.M.L.'s detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for O.E.M.L. to raise a due-

---

[2] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### C.  Unaccompanied Alien Child

8 U.S.C. § 1232(c)(2)(B) provides that if an unaccompanied alien child "reaches 18 years of age and is *transferred to* the custody of the Secretary of Homeland Security, the Secretary shall *consider* placement in the least restrictive setting available . . . " 8 U.S.C. § 1232(c)(2)(B) (2018) (emphasis added). O.E.M.L. argues that, because he arrived as an unaccompanied minor, is now over the age of eighteen, and is in ICE custody, he must be placed in the "least restrictive setting available." *See* [Dkt. 1 at ¶ 38]. He further argues that detention cannot be the "least restrictive setting available," since less restrictive alternatives like bond exist. *See id*. at ¶ 39.

O.E.M.L.'s reading of section 1232(c)(2)(B) is untenable on multiple levels. First, the statute applies only to unaccompanied alien minors who are "transferred to" the Secretary of Homeland Security's custody upon turning eighteen. § 1232(c)(2)(B). O.E.M.L.'s situation is distinct, as he was not "transferred to" Homeland Security's custody by another agency. *See* [Dkt. 1 at ¶ 4]. Instead, O.E.M.L. entered DHS custody by way of arrest after spending several years in civilian life. *See id.* at ¶¶ 2–4. As a result, section 1232(c)(2)(B) does not apply to him in any capacity.

Second, even if section 1232(c)(2)(B) did apply to O.E.M.L., the statute only requires the Secretary of Homeland Security to "consider" placement in the least restrictive setting available. § 1232(c)(2)(B). It does not give unaccompanied alien children an unqualified right to be placed in the least restrictive setting available once they turn eighteen, as O.E.M.L. seems to suggest. Hence, O.E.M.L.'s detention would not violate section 1232(c)(2)(B) even if the statute applied to him.

### D.  APA

O.E.M.L. argues that the Government violated the APA by failing to consider mitigating factors. [Dkt. 1 at ¶ 72]. The Court lacks jurisdiction to decide the merits of O.E.M.L.'s APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. O.E.M.L.'s prior

compliance, history of release, or other special statuses do not retroactively make his illegal entry lawful. Because O.E.M.L.is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, O.E.M.L. must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

### IV. CONCLUSION

It is therefore **ORDERED** that O.E.M.L.'s Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 15th day of June, 2026.**

_____
Michael J. Truncale
United States District Judge

5